IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ASPIRATION INNOVATION, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> *Defendant*. | Case No. _____ <br><br> DEMAND FOR JURY TRIAL |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Aspiration Innovation, Inc. ("AI" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Ford Motor Company ("Ford" or "Defendant"), alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 8,489,563, titled "Meta-configuration of profiles" (the '563 Patent) attached hereto as Exhibit A.

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

## PARTIES

3. Plaintiff Aspiration Innovation, Inc. is a Colorado corporation located at 3232 Grand Canyon Street, Fort Collins, CO 80525.

4. On information and belief, Defendant Ford is a Delaware corporation with a principal place of business located at One American Road, Dearborn, MI 48126. Defendant can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

5.  This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6.  The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Texas and the Eastern District of Texas; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Texas; (4) Defendant regularly conducts business within the State of Texas and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this district; and (5) Defendant has purposely availed itself of the privileges and benefits of the laws of the State of Texas.

7.  Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the products which contain the infringing elements as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in this district; Defendant solicits and has solicited customers in the State of Texas and in this district; and Defendant has paying customers who are residents of the State of Texas and this district and who each use and have used the Defendant's products and services in the State of Texas and in this district.

8.  Venue is proper in the Eastern District of Texas over Ford pursuant to 28 U.S.C. §§ 1400(b). Defendant has a regular and established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent

infringement in this district. For example, Ford has at least a regular and established place of business at 950 S Central Expy, McKinney, TX 75072.

## PATENT-IN-SUIT

9. Plaintiff incorporates the above paragraphs herein by reference.

10. On July 16, 2013, United States Patent No. 8,489,563 titled "Meta-configuration of profiles" was duly and legally issued by the United States Patent and Trademark Office. The '563 Patent is presumed valid and enforceable.

11. Plaintiff is the assignee of all right, title and interest in the '563 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '563 Patent.

12. The '563 Patent relates to systems and methods for creating, applying, using and retrieving profiles with certain attributes stored in them and applying the selected profiles to the content. For example, for vehicles, profiles with driver preferences can be created with certain attributes stored in them and applied to various vehicles by loading a given profile in the built-in vehicle software.

13. The invention disclosed in the Patent-in-Suit resolve technical problems related to storing default profiles according to user's preference in a computer memory which can be loaded by the user when desired. For example, the invention enables loading driver-preferred settings such as climate control, seat positions and settings, audio system settings and presets, engine performance settings, navigation system settings, mirror settings, and others which are stored in a vehicle's computer memory.

14. The inventions disclosed in the Patent-in-Suit were not well-understood, routine, or conventional. At the time the '563 Patent was filed, there existed various problems in how to

store profile information separately from, or with, the content to which the profiles were being applied. *See* Ex. A, '563 Patent, 1:25-27. The inventions disclosed in the '563 Patent addressed such problems by describing specific steps to retrieve a profile that has a plurality of attributes, load said profile from a profile repository at runtime, and apply the profile to selected content.

15. Specifically, the patent includes an embodiment in which a user creates a profile for a vehicle based on driver preferences. The profile can store the entire environment, including climate control, seat positions and settings, audio system settings and presets, engine performance settings, and more. *See* '563 Patent, 30:48-55. A user is then able to re-create a desired environment in various vehicles, regardless of whether that vehicle has the same options available or is even of the same vehicle type. *See* '563 Patent, 30:48-55.

16. The claims of the Patent-in-Suit do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in improving the creation and application of user profiles with certain attributes stored in them across various environments.

17. Moreover, the claimed inventions taught of the Patent-in-Suit cannot be performed with pen and paper or in the human mind.  Additionally, because the Patent-in-Suit addresses problems rooted in improving the creation and application of user profiles with certain attributes stored in them across various environments, the solutions it teaches are not merely drawn to longstanding human activities.

## INVENTOR OF THE PATENT-IN-SUIT

18. Mr. Andrew Poulsen is the inventor of the '563 Patent and the president and CTO of Aspiration Innovation, Inc.  He is a technologist with extensive experience in mechanical engineering and CAD.  While at Aspiration Innovation, Inc. Mr. Poulsen developed an extensive

portfolio of CAD-related productivity tools which offer intuitive interfaces without sacrificing functionality.

## ACCUSED PRODUCTS

19. Defendant makes, uses, offers for sale, sells in the U.S., and/or imports into the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to: (1) the SYNC 4 and SYNC 4A systems in Ford vehicles; (2) Lincoln Navigator; (3) Lincoln Aviator; (4) Lincoln Nautilus; and (5) Lincoln Corsair (the "Accused Products" or "Accused Instrumentality").

20. The SYNC 4 and SYNC 4A systems and the Lincoln vehicles listed above allow drivers to create profiles which apply the current driver's preferred settings regardless of who operated the vehicle last.

## COUNT I
### (Infringement of U.S. Patent No. 8,489,563)

21. Plaintiff incorporates the above paragraphs herein by reference.

22. The '563 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on July 16, 2013. The '563 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

23. Plaintiff is the owner by assignment of the '563 Patent and possesses all rights of recovery under the '563 Patent, including the exclusive right enforce the '563 Patent and pursue lawsuits against infringers.

24. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly and indirectly infringe on one or more claims of the '563 Patent by importing, making, using, offering for sale, and/or selling products and devices that embody the patented

inventions, including, without limitation, one or more of the patented '563 systems and methods, in violation of 35 U.S.C. § 271.

### Direct Infringement – 35 U.S.C. § 271(a)

25. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

26. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe on one or more claims of the '563 Patent by importing, making, using, offering for sale, and/or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '563 systems and methods, in violation of 35 U.S.C. § 271.

27. Defendant has been and continues to directly infringe by, among other things, practicing all of the steps of the '563 Patent, for example, through internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

28. By way of example, Defendant has infringed and continues to infringe at least one or more claims of the '563 Patent, including at least Claim 25. Attached hereto as Exhibit B1 and B2 are exemplary claim charts detailing representative infringement of Claim 25 of the '563 Patent.

### Induced Infringement – 35 U.S.C. § 271(b)

29. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

30. Defendant had pre-suit knowledge of the Patent-in-Suit as early as December 3, 2021 when it received a letter from Plaintiff notifying Defendant of Defendant's infringement. Defendant had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus*

*USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

31.     Defendant has been and now is indirectly infringing by way of inducing infringement by others of the '563 Patent in the State of Texas, in this judicial District, and elsewhere in the United States, by, among other things, selling the Accused Products to its customers and distributing product literature and website materials, thereby inducing end users and others to use its products in a manner that infringes one or more claims of the '563 Patent, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, Ltd., 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

32.     For example, Defendant induced users to use the SYNC 4 and SYNC 4A systems, actively prompting infringement by advertising those systems and instructing users to create driver profiles according to their preference. *See, e.g.*, Ex. C[1] (advertising SYNC Technology, which allows drivers to use driver profiles to create a desired environment via a profile unique to a given driver); Ex. D[2] (providing users detailed instructions as to how to create a driver profile so that a given driver will always have their specific preferences used and illustrating how to set up a driver profile using the driver's display). These resources both advertise and provide detailed directions on how to implement the infringing technology.

---

[1] Available at https://www.ford.com/technology/sync/.
[2] Available at https://www.youtube.com/watch?v=h3457G5mWF0.

33.     Additionally, Defendant induced users to use infringing features in Lincoln vehicles, actively prompting infringement by advertising those features and, specifically, instructing users to create driver profiles according to their preference. *See*, *e.g.*, Ex. E[3] (advertising Lincoln Navigators and describing the personal profile feature of the vehicle, which allows drivers to use driver profiles to create a desired environment via a profile unique to a given driver); Ex. F[4] and G[5] (providing users detailed instructions as to how to create a driver profile so that a given driver will always have their specific preferences used and illustrating how to set up a driver profile using the driver's display). These resources both advertise and provide detailed directions on how to implement the infringing technology.

34.     The allegations herein support a finding that Defendant induced infringement of the '563 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

**Contributory Infringement – 35 U.S.C. § 271(c)**

35.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

36.     Defendant had pre-suit knowledge of the Patent-in-Suit as early as December 3, 2021 when it received a letter from Plaintiff notifying Defendant of Defendant's infringement. Defendant had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus*

---

[3] Available at https://www.craterlakelincoln.com/lincoln-navigator.html.
[4] Available at https://owner.lincoln.com/support/how-tos/interior/dashboard/personal-profile.html#.
[5] Available at https://www.youtube.com/watch?v=hX-UVPR7veg.

*USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

37.     On information and belief, Defendant contributes to its users' infringement of at least Claim 1 of the '563 Patent by actions of making, using, selling, offering for sale, and/or importing the Accused Products that have no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses). The Accused Product does not allow one to disable the infringing technology when used.

**Willful Infringement**

38.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

39.     Defendant had pre-suit knowledge of the Patent-in-Suit as early as December 3, 2021 when they received a letter from Plaintiff notifying Defendant of Defendant's infringement. Defendant had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

40.     Despite its knowledge of the '563 Patent, Defendant has sold and continues to sell

the Accused Products in egregious disregard of Plaintiff's patent rights. Defendant has acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the '563 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

### Plaintiff Suffered Damages

41. Defendant's acts of infringement of the Patent-in-Suit have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. The precise amount of damages will be determined through discovery in this litigation and proven at trial.

### REQUEST FOR RELIEF

42. Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a) enter a declaration that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '563 Patent;

(b) enter a judgment awarding Plaintiff all damages adequate to compensate him for Defendant's infringement of, direct or contributory, or inducement to infringe, the including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c) enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '563 Patent;

(d) issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those acting

in privity or in concert with them, and its subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the '563 Patent;

(e)     enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f)     award Plaintiff all other relief that the Court may deem just and proper.


Dated: March 11, 2022                             Respectfully submitted,

                                                  /s/   Kirk J. Anderson
                                                  Kirk. J. Anderson (CA SBN 289043)
                                                  kanderson@budolaw.com
                                                  BUDO LAW, P.C.
                                                  5610 Ward Rd., Suite #300
                                                  Arvada, CO 80002
                                                  (720) 225-9440 (Phone)
                                                  (720) 225-9331 (Fax)

                                                  *Attorney(s) for Plaintiff Aspiration Innovation, Inc.*